UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------  x

NAHEEM BIRCH,

                                             Plaintiff,

        -against-                                **FRIST AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER
PATRICK CHILTON, POLICE OFFICER MARCUS
RODRIGUEZ, SGT. GEORGE DUFFY, POLICE
OFFICER ASHLEY BRETON and DESMOND       **11-CV-4765(SJ)(JO)**
BROWN.

                                                          **Jury Trial Demanded**
                                      Defendants.

------------------------------------------------------------------------  x
--

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on May 21, 2011, defendants falsely arrested him, maliciously prosecuted him and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers Patrick Chilton, Marcus Rodriguez, George Duffy, Ashley Breton and Desmond Brown (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. Plaintiff is a 23 year-old male. At or about 10:30 p.m. on May 21, 2011, plaintiff was in the vicinity of Putnam Avenue and Knickerbocker Avenue in Brooklyn, New York.

8. Plaintiff was attending a memorial for a friend of his who had died four years ago.

9. While plaintiff was attending the memorial, police officers surrounded several people including plaintiff.

10. Officer Rodriguez stopped plaintiff.

11. An officer questioned plaintiff about a gun.

12. Plaintiff told the officer he did not have any knowledge about a gun.

13. Nevertheless plaintiff was arrested.

14. Plaintiff was taken to the 83rd Precinct where he remained for about 12 hours.

15. Plaintiff was then taken to Brooklyn Central Booking where he was held for about a day.

16. At arraignment, bail was set at $2500.

17. Plaintiff could not post bail and he was transferred to Rikers Island where he was held for four days.

18. Plaintiff testified before the Grand Jury on May 27, 2011.

19. The Grand Jury dismissed the charges against plaintiff on the same day.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, pain and suffering, mental anguish, fear, anxiety, embarrassment, and humiliation.

21. Within 90 Days after the incident alleged in the complaint, a notice of claim was served upon the Comptroller's Office at 1 Centre Street, New York, New York 10007.

22. More than 30 days have elapsed and plaintiff's claim has not been paid or adjusted.

23. This action has been commenced within one year and 90 days of the events giving rise to the claim.

## FIRST CLAIM
## (FALSE ARREST)

24. Plaintiff repeats the foregoing allegations.

25. No officer observed plaintiff commit a crime on May 21, 2011.

26. At no time on May 21, 2011 did plaintiff commit a crime.

27. Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

### (STATE LAW FALSE ARREST)

28. Plaintiff repeats the foregoing allegations.

29. The officers did not have probable cause to arrest plaintiff.

30. Plaintiff's arrest was not privileged.

31. Plaintiff did not consent to his confinement.

32. Accordingly, defendants violated New York State law because they arrested plaintiff without probable cause.

## THIRD CLAIM

### (§1983 FABRICATION OF EVIDENCE)

33. Plaintiff repeats the foregoing allegations.

34. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

35. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

36. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION)

37. Plaintiff repeats the foregoing allegations.

38. Defendants initiated and continued a criminal prosecution of plaintiff in the absence of probable cause.

39. The defendants acted with actual malice.

40. The criminal charges were terminated in plaintiff's favor.

41. Accordingly, defendants violated the Fourth Amendment by maliciously prosecuting the plaintiff.

## FIFTH CLAIM

### (STATE LAW MALICIOUS PROSECUTION)

42. Plaintiff repeats the foregoing allegations.

43. Defendants initiated and continued a criminal prosecution of plaintiff in the absence of probable cause.

44. The defendants acted with actual malice.

45. The criminal charges were terminated in plaintiff's favor.

46. Accordingly, defendants violated New York State law by maliciously prosecuting the plaintiff.

## SIXTH CLAIM

**(MONELL CLAIMS)**

47.     Plaintiff repeats the foregoing allegations.

48.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

49.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

**SEVENTH CLAIM**

**(PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )**

50.     Plaintiff repeats and re-alleges the allegations.

51.     Because defendants were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment and malicious prosecution.

52.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

53.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

54.     In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i.      Compensatory damages in an amount to be determined by a jury;

ii.     Punitive damages in an amount to be determined by a jury;

iii.    Costs, interest and attorney's fees;

iv.     Such other and further relief as the Court may deem just and proper.

DATED:      January 17, 2011

New York, New York

_____/ss/_____
CHRISTOPHER D. WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419